[Cite as *Kell v. Little*, 2019-Ohio-98.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THOMAS KELL | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| STEVE LITTLE | : | Case No. 2018CA00064 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Canton Municpal
Court, Case No. 2018CVG02302


JUDGMENT:     Dismissed


DATE OF JUDGMENT:     January 14, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

THOMAS KELL, pro se                 RYAN W. MAXWELL
2538 Daffodil Street NE            401 Market Avenue North
Canton, OH  44705                     Suite 103
                                                Canton, OH  44702

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Steve Little, appeals the May 15, 2018 decision of the Canton Municipal Court of Stark County, Ohio, denying his motion for new trial, motion from relief from judgment, and motion to vacate. Plaintiff-Appellee is Thomas Kell.

FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellee owns property on Dueber Avenue in Canton, Ohio. Appellant entered into a lease agreement with appellee to lease the subject property. On April 9, 2018, appellee served appellant a three day notice to leave the premises for non-payment of rent. Because appellant did not comply, appellee filed a forcible entry and detainer action on April 12, 2018.

{¶ 3} A hearing before a magistrate was held on April 23, 2018. Appellant failed to appear. By report filed same date, the magistrate ordered a writ of restitution of the property. A damages hearing was continued to a later date. By judgment entry filed April 23, 2018, the trial court approved and confirmed the magistrate's decision. Appellant did not file objections. An eviction set-out date was scheduled for May 18, 2018.

{¶ 4} On May 15, 2018, appellant filed a motion for new trial, motion for relief from judgment, and motion to vacate, claiming he failed to appear at the hearing due to medical issues and he had a meritorious defense to present. Appellant claimed the three day notice was deficient and failed to comply with R.C. 1923.04, and he had satisfied his rental obligation for the month. Appellant also filed a motion to stay the set-out date pending a decision on the motions. By judgment entry filed same date, the trial court denied the motions, finding appellant failed to appear, did not request a continuance, and did not file objections to the magistrate's decision. The trial court also denied the motion to stay.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 6}   "THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION AND IT COMMITTED BOTH PLAIN ERROR AND REVERSIBLE ERROR WHEN IT GRANTED APPELLEE JUDGEMENT FOR RESTITUTION."

II

{¶ 7}   "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT SCHEDULING A HEARING FOR DEFENDANT-APPELLANT'S MOTION FOR NEW TRIAL/MOTION FOR RELIEF/MOTION TO VACATE AND DENYING DEFENDANT-APPELLANT'S MOTION FOR NEW TRIAL/MOTION FOR RELIEF/MOTION TO VACATE.

{¶ 8}   At the outset, we note appellant vacated the premises on May 18, 2018.  Appellant's Brief at 8.  After filing the notice of appeal, appellant never requested a stay pursuant to R.C. 1923.14(A).  Based upon the well reasoned opinion by this court in *AKP Properties, LLC v. Sharonda Rutledge,* 5th Dist. Stark No. 2018CA00058, 2018-Ohio-5309, we find the issues herein to be moot and therefore do not reach the merits of the assignments of error.

{¶ 9} The appeal is hereby dismissed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/db 17